WILLIAM McKELVIE V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1926.   No. 25181.

1. **Intoxicating Liquors:** STILLS: UNLAWFUL POSSESSION: PROOF. "In order to constitute the possession of a still unlawful under section 3252, Comp. St. 1922, it must be established that the still was intended to be used for the manufacture of intoxicating liquor, without permission being given as required by the statute." *Blevins v. State*, 109 Neb. 183.

2. **Case Followed.** Upon examination, we hold that the present case is governed by the rule announced in *Blevins v. State*, 109 Neb. 183.

ERROR to the district court for Gage county:   WILLIAM J. MOSS, JUDGE. *Reversed, with directions.*

*Hazlett, Jack & Laughlin*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

William McKelvie, defendant, was informed against in the district court in and for Gage county for an alleged

violation of the liquor law of Nebraska. Sections 3252 and 3273, Comp. St. 1922. The information contains three counts wherein the defendant is separately charged with (a) the unlawful manufacture of intoxicating liquor, (b) the unlawful possession of intoxicating liquor, and. (c) the unlawful possession of a still. The jury acquitted the defendant of unlawful manufacture of intoxicating liquor and of unlawful possession, but found him guilty of unlawful possession of a still. Thereupon defendant was sentenced to 60 days' imprisonment in the county jail and a fine of $1,000 was imposed, and it was adjudged that he pay the cost of the prosecution, taxed at $89.05, and be committed to the county jail until the fine and costs were paid. A motion for a new trial was overruled and defendant, pursuant to the judgment, furnished a supersedeas bond in the sum of $2,000. Alleging error, counsel has brought the record here for review.

The defendant was 71 years of age when the case was tried. He is now and for many years has been a resident of Barneston, in Gage county. He is a shoe cobbler, unmarried, and lives alone in a 12 by 16, two-room cement house that was once used as a smoke house and was referred to by the sheriff as a "ramshackle" structure. Defendant testified that he came from Canada to Nebraska in the year that "the city of Chicago was having its big fire" and he "came to Barneston in the fall or winter following Dewey's great victory at Manila Bay." The record discloses, and it is uncontradicted, that for many years defendant was sorely afflicted with rheumatism and bronchial pneumonia and a troublesome heart affection, and that on account of these physical ailments he obtained and used certain liquors in suit, to rub on his hips and legs "on account of poor circulation." And on account of his weakened heart he said that, because of a choking sensation, he could not lie down to sleep and had long been compelled to sleep in a sitting posture in a rocking chair, and that, at times, and solely as a heart stimulant, he used the wine in suit, which was made from grape or cherry juices. Counsel

also offered evidence to prove that defendant had formerly employed not less than four reputable Gage county physicians to treat him for the rheumatic and heart and bronchial ailments of which he complained, and that both whiskey and wine were prescribed by the physicians, but evidence of these facts was withheld from the jury by the court's ruling.

The jury found, as above noted, that defendant, though not guilty of unlawful manufacture, nor of unlawful possession, of intoxicating liquor, was nevertheless guilty of the "unlawful possession of a still." But there is no evidence to show that the still was intended to be used for the manufacture of intoxicating liquor. *Blevins v. State,* 109 Neb. 183. The record shows that defendant had never before been under arrest, and there is undisputed evidence that he is a man of good repute in his home community. The evidence, taken in its entirety, clearly negatives any "presumptive evidence" that the defendant was unlawfully in possession of a still.

This is not a case of first impression. Substantially the same question before us now is discussed in *Blevins v. State,* 109 Neb. 183, above cited, wherein Letton J., made this timely observation: "If it be held that the word 'still' in the statute is not qualified by the words 'for the manufacture of alcohol or whiskey' in the succeeding clause of the sentence, then the conviction on the charge of the possession of a still in the first count must stand. * * * We will not so interpret the statute, and must hold that the statute should be construed as if it read, 'or have possession of any still or equipment for the manufacture of alcohol or whiskey.' " We adhere to the interpretation which we placed on the act in the *Blevins* case, so far as the still was there involved.

We conclude that the evidence does not support the verdict of guilt imputed to McKelvie by the jury. Exceptions are taken by the defendant to certain instructions and the admission of certain of the evidence; but, in view of our disposition of the case, we do not find it necessary to dis-

cuss the record further.    The judgment of the district
court is reversed and remanded, pursuant to the rule an-
nounced in the *Blevins* case, with directions that the action
be dismissed.

REVERSED.